**In re George Ray TUCKER, Jr., and Mary Lou Tucker, Debtors.**

**George Ray TUCKER, Jr., and Mary Lou Tucker, Plaintiffs,**

**v.**

**SEARS, ROEBUCK & CO., Defendant.**

**Bankruptcy No. BK 83–40163.**

United States Bankruptcy Court, S.D. Illinois.

Jan. 19, 1984.

Benjamin J. Vasta, Christopher, Ill., for debtors.

Michael Kimmel, Carbondale, Ill., for defendant, Sears.

## ORDER

J.D. TRABUE, Bankruptcy Judge..

At East St. Louis, in said district, this matter having come before the Court pursuant to a motion to terminate the automatic stay filed on behalf of Sears, Roebuck & Company (Sears), by its attorney, R. Michael Kimmel, and a motion for avoidance of nonpossessory, nonpurchase money security interest, filed on behalf of the debtors, by their attorney, Benjamin J. Vasta, briefs having been filed by the respective parties' counsel, the Court finds as follows:

1. Debtors filed the instant Chapter 7 petition on June 13, 1983.

2. Sears is listed in debtors' Schedule A–3 as an unsecured creditor with a claim in the amount of $661.75 for a revolving charge account. Debtors' brief indicates the debt includes a balance due for the purchase of a washer.

3. Sears filed a proof of claim in the amount of $661.75 as a secured claim. Attached to said proof of claim is a copy of the security agreement between Sears and debtors. The signature of George R. Tucker, Jr., appears at the bottom of the instrument.

4. The subject property has been abandoned from the bankruptcy estate by the Trustee.

Debtors filed a motion to avoid Sears' lien on a washer purchased by debtor, George R. Tucker, Jr. Section 522(f) of the Bankruptcy Code states that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption which the debtor would have been entitled under . . . [§ 522(b) ], if such lien is . . . (2) a nonpossessory, nonpurchase-money security interest in any . . . [consumer goods]." *See, Ill.Rev.Stat.,* ch. 26, § 9–109(1). There is no dispute that the subject property is an item of consumer goods as indicated in § 522(f). Rather, the issue is whether Sears has a nonpossessory, nonpurchase-money security interest in the washer.

Debtors argue that Sears does not have a security interest in the washer under the

terms of the security agreement. Debtors claim that George R. Tucker, Jr. did not intend to create a security interest in the washer when he purchased the property on credit. Furthermore, even if debtors granted Sears a security interest in the washer, debtors claim that the security interest has terminated under the agreement because substantial payments had been made prior to the filing of the instant Chapter 7 petition.

A second point of contention raised by debtors is that Sears is not entitled to a security interest in the property. Using an estoppel-type argument, debtors argue that Sears cannot assert its secured status because Sears did not object to being listed as an unsecured creditor. Finally, on equitable grounds, debtors assert that the washer cannot constitute security for a debt because its value de minimis.

■ The Court finds that the debtor granted Sears a security interest in the washer under the terms of the agreement set forth on the credit slip. Paragraph 7 of the security agreement states the following:

SECURITY INTEREST IN GOODS. Subject to applicable state law limitations, Sears has a security interest under the Uniform Commercial Code in all merchandise charged to the account. If I do not make payments as agreed, the security interest allows Sears to repossess only the merchandise which has not been paid in full. I am responsible for any loss or damage to the merchandise until the price is fully paid. Any payments I make will first be used to pay any unpaid Insurance or Finance Charge(s), and then to pay for the earliest charges on the account. If more than one item is charged on the same date, my payment will apply first to the lowest priced item.

Clearly, Sears has a purchase money security interest in the washer, because it gave "value to enable the debtor to acquire rights in or the use of the collateral." *Ill. Rev.Stat.*, ch. 26, § 9–107(b). Thus, under *Ill.Rev.Stat.*, ch. 26, § 9–302(1)(d), Sears has a perfected security interest in the washer.

■ Sears is not estopped from asserting its secured status for failing to object to debtors' listing Sears in their Schedule A–3. Sears properly filed its secured proof of claim. Under § 502(a) of the Bankruptcy Code, properly filed, a proof of claim is deemed allowed unless a party in interest objects. The Bankruptcy Code places the burden on debtors to reconcile any discrepancies between their schedules and claims filed against the estate when they list property as exempt. Since no objection has been raised, Sears' claim must be allowed.

■ Debtors have misconstrued the terms of their security agreement with Sears. Debtors are under the impression that substantial payments toward the purchase of the subject property are sufficient to release Sears' lien. They also believe that the small present value of the washer has somehow rendered the lien ineffective. The terms of the agreement are clear and unequivocal. Sears retains a lien on the washer until such time as the property is paid for in full. Since the debt has not been fully paid, the lien remains enforceable. Debtors have made a unilateral mistake as to the legal effect of the terms of the agreement. Unilateral mistake as to a matter of law is not grounds for reforming or rescinding an enforceable contract. *Friedman v. Development Management Group,* 403 N.E.2d 610, 614, 38 Ill.Dec. 379, 383, 82 Ill.App.3d 949 (1980).

The agreement between Sears and debtors is a valid and binding obligation granting Sears a security interest in the subject property. The Court will not entertain the motion that debtor George Ray Tucker, Jr. did not intend to create such a security interest when he signed the credit slip. Accordingly, the Court must deny debtors' motion to avoid Sears' lien, because Sears has a valid, enforceable purchase money security interest in the washer. Inasmuch as the foregoing inquiry is dispositive of the issues involved in Sears' motion to lift the automatic stay, the Court finds good cause to grant said motion.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the debtors' motion for avoidance of nonpossessory, nonpurchase-money security be, and the same hereby is, denied.

IT IS FURTHER ORDERED that the automatic stay in effect under 11 U.S.C. § 362 with respect to the subject property be, and the same hereby is, lifted.